EASTERN DIS.
June, 1832.

REED
vs.
PALFREY
ET AL.

*Schmidt,* for appellant. *Eustis,* for appellee.

---

### REED (F. M. C.), vs. PALFREY ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where a judgement by default is set aside, and an answer put in after the cause is fixed for trial, the defendant will not be entitled to a continuance; if it appear that the delay of filing the answer was caused by his own negligence.

The plaintiff, who was held as a slave by the defendant, Palfrey, brought this suit for the recovery of his freedom.

Palfrey called in warranty his vendor, Florance, and the latter put in an answer citing in warranty Beckman, who took a rule on the plaintiff to show cause why he should not be allowed a reasonable delay to file an answer. This rule issued upon an affidavit made by Beckman, in which he set forth, " that if reasonable time were allowed him he expected to obtain such information as would enable him to defend the suit." Pending this application (upon which no order was taken) and without an answer or judgement by default against Beckman, the cause was tried by a jury who found for the plaintiff, and assessed his damages. In pursuance of the verdict, judgement was rendered in favor of Palfrey against

21

EASTERN DIS.
June, 1832.
————
REED
vs.
PALFREY
ET AL.

Florance, and in favor of the latter against Beckman. On motion for a new trial it was granted, in so far as regarded Palfrey and his vendor, Florance, and Beckman, the vendor of the latter. A judgement by default was then taken by Florance against Beckman, which was afterwards set aside, and an answer put in to the merits, on which a judgement was rendered in favor of Palfrey, and from which both warrantors appealed.

*Hoffman,* for appellants, contended:

That there was error in rendering judgement, as between Reed and Palfrey, until all the parties called in warranty had appeared. That if they failed to appear, a judgement by default should have been taken. *He cited C. P. arts.* 380—7.

*Preston,* for appellee, contended:

That as Palfrey was evicted of the slave, and damages decreed against him for his detention, he had a right to recover these damages from Florance, his vendor, called in warranty to guaranty his title. *C. C. art.* 2482.

MATHEWS, J., delivered the opinion of the court.

In this case the plaintiff, who was held as a slave by the defendant, Palfrey, brought suit to recover his liberty. Palfrey cited Florance in warranty, and the latter, Beckman. Judgement, on the finding of a jury in the court below, was rendered, declaring the plaintiff to be free, and a certain amount of damages was adjudged to him against the defendant, who recovered from Florance, his vendor and warrantor, the price paid to the latter, with interest thereon, and also the amount of damages which had been decreed to the plaintiff. Judgement was also rendered in favor of Florance against Beckman, for the amount of the price paid to the latter, from whom the former bought the plaintiff, as being

the slave of one Thomas, and also the amount of damages which had been assessed against Palfrey. Beckman, it seems, acted as agent in the sale, and bound himself in warranty to the purchaser by express stipulation.

EASTERN DIS.
June, 1832.

REED
vs.
PALFREY
ET AL.

From the judgements thus rendered the warrantors appealed.

The last person called in warranty complains of the proceedings in the court below, as having hurried him to trial without allowing time to prepare for his defence. It appears by the record, that judgement had been obtained against him by default, which was afterwards set aside, and an answer was filed. A bill of exceptions was taken to the opinion of the judge *a quo*, by which this defendant was ruled to trial; his answer having been filed after the cause was set for trial. It is shown by the record, that the late period at which he filed his answer was caused by his own negligence, as he did not attempt to make any defence until urged to it by a judgement by default, taken on the part of his immediate vendee. No affidavit appears on record, claiming time to procure testimony, or alleging the necessity of delay, to enable him to obtain any specified means of defence. We therefore think the judge did not err in forcing him to trial.

Where a judgement by default is set aside, and an answer put in after the cause is fixed for trial, the defendant will not be entitled to a continuance, if it appear that the delay of filing the answer was caused by his own negligence.

In relation to the merits of the case, we are of opinion that the verdicts and judgements of the District Court have done justice between all the parties. Palfrey, the original defendant, has lost the property purchased, and the fruits or profits which it produced whilst in his possession; to indemnify him, both the price and fruits should be refunded, and the whole damage should ultimately fall on the person who first sold and guarantied the plaintiff as a slave, who afterwards proved himself to be a free man. Florance has a right to look to Beckman for remuneration on his warranty, notwithstanding the pretended slave was sold as the property of another person.

It is, therefore, ordered, adjudged, and decreed, that the judgements of the District Court be affirmed, with costs.